1  Michael J. Song, CA Bar No. 243675
2  msong@perkinscoie.com
   **PERKINS COIE LLP**
3  1888 Century Park East, Suite 1700
   Los Angeles, CA 90067-1721
4  Telephone:  310.788.9900
   Facsimile:  310.788.3399
5
6  Ramsey M. Al-Salam (admitted *pro hac vice*)
   ralsalam@perkinscoie.com
7  **PERKINS COIE LLP**
   1201 Third Avenue, Suite 4800
8  Seattle, WA 98101-3099
   Telephone:  206.359.8000
9  Facsimile:  206.359.9000

10 Attorneys for Plaintiff
11 **NMC GROUP, INC.**

12                    UNITED STATES DISTRICT COURT

13                    CENTRAL DISTRICT OF CALIFORNIA

14                         WESTERN DIVISION

15

16

17 **NMC GROUP, INC.,**                    Case No. 2:11-cv-04280-GHK-JC

18                    Plaintiff,            **STIPULATED PROTECTIVE ORDER**

19      v.                                  **[COURT MADE CHANGES TO
                                            PARAGRAPHS 2.5 AND 3]**
20 **THE YOUNG ENGINEERS, INC.,**

21                    Defendant.

22 **AND RELATED COUNTERCLAIMS**

23

24

25

26

27

28

27329-7502/LEGAL23861266.2

1.    <u>PURPOSES AND LIMITATIONS</u>

      Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.    <u>DEFINITIONS</u>

      2.1   <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2   <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

      2.3   <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

      2.4   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY".

      2.5   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including documents, deposition testimony, deposition transcripts, and tangible things, but

not including other pretrial testimony/transcripts and pretrial hearings), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.7    "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.8    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.11    Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.13    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Protected Material:</u> any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY."

2.15    <u>Receiving Party:</u> a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; and (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any conversations or presentations by Parties or their Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party; and (c) pretrial testimony/transcripts, pretrial hearings, trial testimony/transcripts and trial.  Any use of Protected Material at pretrial hearings or trial shall be governed by a separate agreement or order.

4.    <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be

1   deemed to be the later of (1) dismissal of all claims and defenses in this action,

2   with or without prejudice; and (2) final judgment herein after the completion and

3   exhaustion of all appeals, rehearings, remands, trials, or reviews of this action,

4   including the time limits for filing any motions or applications for extension of

5   time pursuant to applicable law.

6   5.    DESIGNATING PROTECTED MATERIAL

7       5.1    Exercise of Restraint and Care in Designating Material for Protection.

8   Each Party or Non-Party that designates information or items for protection under

9   this Order must take care to limit any such designation to specific material that

10  qualifies under the appropriate standards.  To the extent it is practical to do so, the

11  Designating Party must designate for protection only those parts of material,

12  documents, items, or oral or written communications that qualify – so that other

13  portions of the material, documents, items, or communications for which

14  protection is not warranted are not swept unjustifiably within the ambit of this

15  Order.

16      Mass, indiscriminate, or routinized designations are prohibited.

17  Designations that are shown to be clearly unjustified or that have been made for an

18  improper purpose (e.g., to unnecessarily encumber or retard the case development

19  process or to impose unnecessary expenses and burdens on other parties) may

20  expose the Designating Party to sanctions.

21      If it comes to a Designating Party's attention that information or items that it

22  designated for protection do not qualify for protection at all or do not qualify for

23  the level of protection initially asserted, that Designating Party must promptly

24  notify all other parties that it is withdrawing the mistaken designation.

25      5.2    Manner and Timing of Designations.  Except as otherwise provided in

26  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

27  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

28

1   under this Order must be clearly so designated before the material is disclosed or

2   produced.  Designation in conformity with this Order requires:

3       (a) for information in documentary form (e.g., paper or electronic

4   documents, but excluding transcripts of depositions or other pretrial or trial

5   proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or

6   "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" to each

7   page that contains protected material.

8       A Party or Non-Party that makes original documents or materials available

9   for inspection need not designate them for protection until after the inspecting

10  Party has indicated which material it would like copied and produced.  During the

11  inspection and before the designation, all of the material made available for

12  inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE

13  COUNSELS' EYES ONLY."  After the inspecting Party has identified the

14  documents it wants copied and produced, the Producing Party must determine

15  which documents, or portions thereof, qualify for protection under this Order.

16  Then, before producing the specified documents, the Producing Party must affix

17  the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

18  OUTSIDE COUNSELS' EYES ONLY") to each page that contains Protected

19  Material.

20      (b) for testimony given in deposition, that the Designating Party identify on

21  the record, before the close of the deposition, all protected testimony and specify

22  the level of protection being asserted.  When it is impractical to identify separately

23  each portion of deposition testimony that is entitled to protection and it appears

24  that substantial portions of the deposition testimony may qualify for protection, the

25  Designating Party may invoke on the record (before the deposition is concluded) a

26  right to have up to 30 days to identify the specific portions of the deposition

27  testimony as to which protection is sought and to specify the level of protection

28  being asserted.  Only those portions of the deposition testimony that are

1    appropriately designated for protection within the 30 days shall be covered by the

2    provisions of this Stipulated Protective Order.  Alternatively, a Designating Party

3    may specify, at the deposition or up to 30 days afterwards if that period is properly

4    invoked, that the entire deposition transcript shall be treated as

5    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS'

6    EYES ONLY."

7           Parties shall give the other parties notice if they reasonably expect a

8    deposition to include Protected Material so that the other parties can ensure that

9    only authorized individuals who have signed the "Acknowledgment and

10   Agreement to Be Bound" (Exhibit A) are present at the deposition.  The use of a

11   document as an exhibit at a deposition shall not in any way affect its designation as

12   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS'

13   EYES ONLY."

14          Deposition transcripts containing Protected Material shall have an obvious

15   legend on the title page that the deposition transcript contains Protected Material,

16   and the title page shall be followed by a list of all pages (including line numbers as

17   appropriate) that have been designated as Protected Material and the level of

18   protection being asserted by the Designating Party.  The Designating Party shall

19   inform the court reporter of these requirements.  Any deposition transcript that is

20   prepared before the expiration of a 30-day period for designation shall be treated

21   during that period as if it had been designated "HIGHLY CONFIDENTIAL –

22   OUTSIDE COUNSELS' EYES ONLY" in its entirety unless otherwise agreed.

23   After the expiration of that period, the deposition transcript shall be treated only as

24   actually designated.

25          (c) for information produced in some form other than documentary and for

26   any other tangible items, that the Producing Party affix in a prominent place on the

27   exterior of the container or containers in which the information or item is stored

28

1   the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE

2   COUNSELS' EYES ONLY."

3        5.3   <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent

4   failure to designate qualified information or items does not, standing alone, waive

5   the Designating Party's right to secure protection under this Order for such

6   material.  Upon timely correction of a designation, the Receiving Party must make

7   reasonable efforts to assure that the material is treated in accordance with the

8   provisions of this Order.

9   6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

10        6.1   <u>Timing of Challenges.</u>  Any Party or Non-Party may challenge a

11   designation of confidentiality at any time so long as the timing of any such

12   challenge comports with the discovery cut-off deadline.  Unless a prompt

13   challenge to a Designating Party's confidentiality designation is necessary to avoid

14   foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

15   disruption or delay of the litigation, a Party does not waive its right to challenge a

16   confidentiality designation by electing not to mount a challenge promptly after the

17   original designation is disclosed.

18        6.2   <u>Meet and Confer and Judicial Intervention.</u>  The parties shall comply

19   with the procedures set forth in Civil Local Rule 37 to resolve any dispute as to a

20   designation of confidentiality and shall comport with the discovery cut-off

21   deadline.

22   7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

23        7.1   <u>Basic Principles.</u>  A Receiving Party may use Protected Material that

24   is disclosed or produced by another Party or by a Non-Party in connection with this

25   case only for prosecuting, defending, or attempting to settle this litigation.  Such

26   Protected Material may be disclosed only to the categories of persons and under

27   the conditions described in this Order.  When the litigation has been terminated, a

28

Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items.</u> Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or

1   ordered by the court.  Pages of transcribed deposition testimony or exhibits to
2   depositions that reveal Protected Material must be separately bound by the court
3   reporter and may not be disclosed to anyone except as permitted under this
4   Stipulated Protective Order.

5       (g) the author or recipient of a document containing the information or a
6   custodian or other person who otherwise possessed or knew the information.

7       7.3     Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE
8   COUNSELS' EYES ONLY".  Unless otherwise ordered by the court or permitted
9   in writing by the Designating Party, a Receiving Party may disclose any
10  information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE
11  COUNSELS' EYES ONLY" only to:

12      (a) the Receiving Party's Outside Counsel of Record in this action, as well
13  as employees of said Outside Counsel of Record to whom it is reasonably
14  necessary to disclose the information for this litigation and who have signed the
15  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit
16  A;

17      (b) Experts of the Receiving Party (1) to whom disclosure is reasonably
18  necessary for this litigation, (2) who have signed the "Acknowledgment and
19  Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth
20  in paragraph 7.4(a), below, have been followed;

21      (c) the court and its personnel;

22      (d) court reporters and their staff, professional jury or trial consultants,  and
23  Professional Vendors to whom disclosure is reasonably necessary for this litigation
24  and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit
25  A); and

26      (e) the author or recipient of a document containing the information or a
27  custodian or other person who otherwise possessed or knew the information.

28

7.4 <u>Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" Information or Items to Experts.</u>

(a) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) The parties shall comply with the procedures set forth in Civil Local Rule 37 to resolve any dispute as to disclosure of any information or item that has been

1 designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS' EYES

2 ONLY" to an Expert (as defined in this Order) under paragraph 7.3(b) and shall

3 comport with the discovery cut-off deadline.

4 8.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED

5 IN OTHER LITIGATION

6      If a Party is served with a subpoena or a court order issued in other litigation

7 that compels disclosure of any information or items designated in this action as

8 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSELS'

9 EYES ONLY" that Party must:

10      (a) promptly notify in writing the Designating Party.  Such notification shall

11 include a copy of the subpoena or court order;

12      (b) promptly notify in writing the party who caused the subpoena or order to

13 issue in the other litigation that some or all of the material covered by the subpoena

14 or order is subject to this Protective Order.  Such notification shall include a copy

15 of this Stipulated Protective Order; and

16      (c) cooperate with respect to all reasonable procedures sought to be pursued

17 by the Designating Party whose Protected Material may be affected.

18      The Designating Party shall bear the burden and expense of seeking

19 protection in that court of its confidential material – and nothing in these

20 provisions should be construed as authorizing or encouraging a Receiving Party in

21 this action to disobey a lawful directive from another court.

22 9.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE

23 PRODUCED IN THIS LITIGATION

24      (a)      The terms of this Order are applicable to information produced by a

25 Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY

26 CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY".  Such information

27 produced by Non-Parties in connection with this litigation is protected by the

28

1  remedies and relief provided by this Order.  Nothing in these provisions should be

2  construed as prohibiting a Non-Party from seeking additional protections.

3        (b)    In the event that a Party is required, by a valid discovery request, to

4  produce a Non-Party's confidential information in its possession, and the Party is

5  subject to an agreement with the Non-Party not to produce the Non-Party's

6  confidential information, then the Party shall:

7        1.    promptly notify in writing the Requesting Party and the Non-

8  Party that some or all of the information requested is subject to a confidentiality

9  agreement with a Non-Party;

10        2.    promptly provide the Non-Party with a copy of the Stipulated

11  Protective Order in this litigation, the relevant discovery request(s), and a

12  reasonably specific description of the information requested; and

13        3.    make the information requested available for inspection by the

14  Non-Party.

15  10.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

16        If a Receiving Party learns that, by inadvertence or otherwise, it has

17  disclosed Protected Material to any person or in any circumstance not authorized

18  under this Stipulated Protective Order, the Receiving Party must immediately

19  (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use

20  its best efforts to retrieve all unauthorized copies of the Protected Material,

21  (c) inform the person or persons to whom unauthorized disclosures were made of

22  all the terms of this Order, and (d) request such person or persons to execute the

23  "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

24  A.

25  11.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

26  <u>PROTECTED MATERIAL</u>

27        When a Producing Party gives notice to Receiving Parties that certain

28  inadvertently produced material is subject to a claim of privilege or other

1   protection, the obligations of the Receiving Parties are those set forth in Federal

2   Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify

3   whatever procedure may be established in an e-discovery order that provides for

4   production without prior privilege review.  Pursuant to Federal Rule of Evidence

5   502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure

6   of a communication or information covered by the attorney-client privilege or

7   work product protection, the parties may incorporate their agreement in the

8   stipulated protective order submitted to the court.

9   12.   MISCELLANEOUS

10      12.1   Right to Further Relief.  Nothing in this Order abridges the right of

11   any person to seek its modification by the court in the future.

12      12.2   Right to Assert Other Objections.  By stipulating to the entry of this

13   Protective Order no Party waives any right it otherwise would have to object to

14   disclosing or producing any information or item on any ground not addressed in

15   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

16   any ground to use in evidence of any of the material covered by this Protective

17   Order.

18      12.3   Filing Protected Material.  A Party that seeks to file under seal any

19   Protected Material shall comply with Civil Local Rule 79-5.

20   13.   FINAL DISPOSITION

21      Within 60 days after the final disposition of this action, as defined in

22   paragraph 4, each Receiving Party must return all Protected Material to the

23   Producing Party or destroy such material.  As used in this subdivision, "all

24   Protected Material" includes all copies, abstracts, compilations, summaries, and

25   any other format reproducing or capturing any of the Protected Material.  Whether

26   the Protected Material is returned or destroyed, the Receiving Party must submit a

27   written certification to the Producing Party (and, if not the same person or entity, to

28   the Designating Party) by the 60-day deadline that (1) identifies (by category,

where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**


DATED:  June 12, 2012                    **PERKINS COIE LLP**


                                         By:   */s/ Michael J. Song*
                                              Michael J. Song
                                              msong@perkinscoie.com

                                         Attorneys for Plaintiff
                                         **NMC GROUP, INC.**

DATED:  June 12, 2012                    **JOSEPH E. MUETH LAW CORPORATION**


                                         By:   */s/ Joseph E. Mueth*
                                              Joseph E. Mueth
                                              jmueth@josephemueth.com

                                         Attorneys for Defendant
                                         **THE YOUNG ENGINEERS, INC.**

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED:  June 14, 2012                    _____/s/_____
                                         Hon. Jacqueline Chooljian
                                         U.S. Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *NMC Group, Inc. v. The Young Engineers, Inc.*, Case No. 2:11-cv-04280-GHK-JC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____


Signature: _____